IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEOFFREY SHEGOG, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CITY OF HERCULANEUM )<br>)<br>and )<br>)<br>OFFICER TIMOTHY SCHIELE, in )<br>his individual and official capacity )<br>)<br>and )<br>)<br>OFFICER MICHAEL JENNEWEIN, in )<br>his individual and official capacity )<br>)<br>    Defendants. ) | Cause No.: 4:22-cv-01290<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Geoffrey Shegog, by and through the undersigned, and for his Complaint against Defendants, states as follows:

### PARTIES AND JURISICTION AND VENUE

1. Plaintiff, Geoffrey Shegog (hereinafter "Plaintiff") is a resident of the City of Festus, Jefferson County, State of Missouri and a citizen of the United States of America.

2. Defendant the City of Herculaneum (hereinafter "City"), is a municipal corporation organized and existing under the laws of the State of Missouri as a charter city. The City of Herculaneum operates the Herculaneum Police Department (hereinafter "Department").

3. Defendant Officer Timothy Schiele (hereinafter "Schiele") was at all times relevant a police officer for the Department. He is sued in both his individual and official capacities. He is Caucasian.

4. Defendant Officer Michael Jennewein (hereinafter "Jennewein") was at all times relevant a police officer for the Department. He was riding in the same patrol car as Defendant Schiele at all times described herein. He is sued in both his individual and official capacities. He is Caucasian.

5. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1981 and the Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the judicial district where the acts of omissions giving rise to the claim occurred.

7. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

8. On February 9, 2019 Plaintiff was traveling northbound on Scenic Drive at its intersection with Westchester Drive in Herculaneum, Missouri.

9. Plaintiff is African American.

10. Plaintiff stopped at a stop sign on northbound Scenic Drive at its intersection with Westchester Drive.

11. After proceeding through the stop sign, Defendant Schiele activated his emergency lights and Plaintiff promptly pulled over to the side of the road.

12. Defendant Schiele admitted that he chose to pull Plaintiff over as soon as he saw Plaintiff's tires, wheels, and tinted windows.

13. Defendant Jennewein admitted that the reason for Plaintiff's stop was racial profiling.

14. Defendant Schiele and Defendant Jennewein (collectively "Officer Defendants") also admitted to racially profiling drivers, including Plaintiff, on February 9, 2019.

15. Officer Defendants acted pursuant to an unwritten, policy, custom or pattern of practice to engage in racial and/or ethnic profiling.

16. Officers do not have discretion to not racially profile citizens and drivers.

17. Defendant Schiele asked Plaintiff if there was anything in the vehicle that Defendant Schiele needed to know about.

18. Plaintiff informed Defendant Schiele there were no firearms in the vehicle and only a half of a cigar.

19. Without probable cause, Defendant Schiele instructed Plaintiff to exit Plaintiff's vehicle.

20. Defendant Schiele, without probable cause or Plaintiff's consent, then performed a search of Plaintiff's vehicle.

21. Plaintiff did not consent to Defendant Schiele's search of his vehicle.

22. Upon information and belief, Defendant Jennewein was training Defendant Schiele at the time of the traffic stop.

23. Defendant Jennewein instructed Defendant Schiele on how to write his reports when racially profiling motorists.

24. Defendant Schiele also admitted that he planned to pull Plaintiff over again in the future.

## COUNT I
## EQUAL PROTECTION CLAIM
## (AGAINST OFFICER DEFENDANTS SCHIELE AND JENNEWEIN)

For Count I of Plaintiff's cause of action against Officer Defendants, Plaintiff states as follows:

25. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

26. Officer Defendants acting under color of state law purposefully discriminated against Plaintiff because of his race when they racially profiled Plaintiff and stopped him in violation of his 4th Amendment Rights.

27. As a direct and proximate result of the intentional discriminatory conduct of Defendant Schiele, Plaintiff suffered and will continue to suffer emotional injuries and has suffered and will continue to suffer pain of the mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

28. The conduct of Officer Defendants was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Officer Defendants, jointly and severally, seeking money damages against them for compensatory damages in an amount that is fair and reasonable for his past, present, and future emotional injuries and emotional pain and

suffering; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees and costs; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT II
## SECTION 1981 CLAIM
## (AGAINST OFFICER DEFENDANTS SCHEILE AND JENNEWEIN)

For Count II of Plaintiff's cause of action against Officer Defendants, Plaintiff states as follows:

29. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

30. Plaintiff is a member of a racial minority as an African American citizen.

31. Officer Defendants were acting under color of state law.

32. Officer Defendants seized and detained Plaintiff based solely on his race in violation of his 4th Amendment rights.

33. Upon information and belief, Officer Defendants intended to discriminate against Plaintiff because of his race.

34. This discrimination involved activity enumerated in 42 U.S.C. § 1981 in that such conduct deprived Plaintiff of the right to full and equal benefit of the laws and proceedings for the security of persons as is enjoyed by white citizens.

35. As a direct and proximate result of the intentional discriminatory conduct of Officer Defendants, Plaintiff suffered and will continue to suffer emotional injuries and has suffered and will continue to suffer pain of the mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

WHEREFORE, Plaintiff prays for judgment against Officer Defendants, jointly and severally, seeking money damages against them for compensatory damages in an amount that is fair and reasonable for his past, present, and future emotional injuries and emotional pain and suffering; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees and costs; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT III
## UNCONSTITUTIONAL SEARCH AND SEIZURE
## (AGAINST OFFICER DEFENDANTS SCHIELE AND JENNEWEIN)

For Count III of Plaintiff's cause of action against Officer Defendants in their individual capacities, Plaintiff states as follows:

31. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

32. Plaintiff's vehicle was searched when he was pulled over by Officer Defendants.

33. Because Plaintiff was pulled over solely because of his race, there was no probable cause to search his vehicle and therefore the search violated the 4th Amendment of the United States Constitution.

34. As a direct and proximate result of the intentional discriminatory conduct of Officer Defendants, Plaintiff suffered and will continue to suffer emotional injuries and has suffered and will continue to suffer pain of the mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

35. The conduct of these Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Shegog, malicious and wanton with

respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Officer Defendants, jointly and severally, seeking money damages against him for compensatory damages in an amount that is fair and reasonable for his past, present, and future emotional injuries and emotional pain and suffering; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees and costs; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV
### MUNICIPAL CUSTOM AND/OR FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL AND/OR DISCIPLINE UNDER 42 U.S.C. § 1983
### (AGAINST CITY)

For Count IV of Plaintiff's cause of action against Defendant City of Herculaneum, Plaintiff states as follows:

36. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

37. Plaintiff's constitutional and/or statutory rights were violated as described in detail above.

38. There exists within the Department and/or the City widespread customs, practices and usages that are so pervasive that they constitute the policies of Defendant City, which caused the constitutional and/or statutory deprivations set forth above, including, but not limited to:

    a. Stopping subjects without probable cause and in violation of their constitutional rights;

  b. Ignoring the policies and procedures of the City and/or Department, by encouraging and/or permitting the unconstitutional searches and/or seizures of citizens;

  c. Treating African American citizens differently and less favorably than Caucasian citizens; and

  d. Failing to adequately train, supervise, control, and/or discipline police officers and/or City officials concerning the practices described above to assure compliance with City and/or Department policy, state and federal laws and the Constitution of the United States.

  e. Training, supervising, controlling, and/or instructing officers how to write reports when racially profiling motorists.

39. Defendant City's policymaking officials demonstrated deliberate indifference to or tacit authorization of Defendants Schiele's and Jennewein's misconduct after notice of such misconduct.

40. Alternatively, but without waiver of the foregoing, the City's training program was inadequate to train its officers to properly handle reoccurring situations like the one involving Plaintiff in the proper and lawful stop; the proper search of citizens, and/or the duty to treat all citizens equally and not intentionally discriminate against African American citizens.

41. Defendant City's failure to train in these respects evidenced a deliberate indifference to the rights of others, to include Plaintiff.

42. The deficiencies in Defendant's training procedures actually caused Plaintiff's constitutional injuries as set forth herein.

43. Additionally, but without waiver of the foregoing, City officials failed to supervise, control, and/or discipline officers of the Department when they engaged in constitutional violations

like those set forth above, such that they demonstrated a deliberate indifference to or tacit authorization of such acts on the part of the Officer Schiele.

44. The acts of this Defendant were taken under color of state law.

44. As a direct and proximate result of the acts and/or omissions of Defendant City of Herculaneum as set forth herein, Plaintiff suffered emotional injuries and has suffered and will continue to suffer pain of the mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

45. The conduct of Defendant City was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants City of Herculaneum seeking money damages for compensatory damages in an amount that is fair and reasonable for his past, current, and future emotional injuries; emotional pain and suffering; for punitive damages against Defendant City in their individual capacities; the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT V: NEGLIGENCE
## (AGAINST OFFICER DEFENDANTS SCHIELE AND JENNEWEIN)

For Count V of Plaintiff's cause of action against Officer Defendants, Plaintiff states as follows:

46. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth fully herein.

47. Officer Defendants have no discretion in not racially profile him.

48. Defendants were negligent when they racially profiled Plaintiff, stopping him solely because of his race, the type of car he was driving, his tinted windows, and the wheels on his car.

49. All acts contained in Paragraph 48 include actions that are ministerial duties, in that Defendants have no discretion in not racially profiling citizens and drivers.

50. As a direct and proximate result of the acts and/or omissions of Officer Defendants as set forth herein, Plaintiff suffered emotional injuries and has suffered and will continue to suffer pain of the mind, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

51. The conduct of Officer Defendants was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Officer Defendant seeking money damages for compensatory damages in an amount that is fair and reasonable for his past, current, and future emotional injuries; emotional pain and suffering; for punitive damages against Officer Defendants in their individual capacities; the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**PLEBAN & ASSOCIATES LAW, LLC**

By: _____/s/ J.C. Pleban_____
J.C. Pleban, Mo. Bar No. 63166
jc@plebanlaw.com
Benjamin P. Kates, Mo. Bar No. 65557
bkates@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

*Attorneys for Plaintiff*