UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY SHEGOG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-1290 SRW |
| | ) |
| CITY OF HERCULANEUM, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Officer Michael Jennewein's Partial Motion to Dismiss (ECF No. 7) and Defendant Officer Timothy Schiele's Joinder in Partial Motion to Dismiss (ECF No. 22). The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). For the following reasons, Defendants' Motions will be granted.

**I.    BACKGROUND**

Plaintiff Geoffrey Shegog filed this action against Defendants City of Herculaneum, Timothy Schiele, and Michael Jennewein asserting Defendants violated 42 U.S.C. § 1981 and § 1983 when Officers Schiele and Jennewein conducted a traffic stop on Plaintiff without probable cause. Plaintiff asserts five counts: (1) violation of the equal protection clause against Officers Schiele and Jennewein; (2) violation of § 1981 against Officers Schiele and Jennewein; (3) unconstitutional search and seizure against Officers Schiele and Jennewein; (4) municipal custom and/or failure to instruct, train, supervise, control and/or discipline under § 1983 against

1

Herculaneum; and (5) negligence against Officers Schiele and Jennewein. For purposes of this order, the Court accepts as true the following facts in the complaint.

On February 9, 2019, Plaintiff, an African American, was traveling northbound on Scenic Drive at the intersection with Westchester Drive in Herculaneum, Missouri. He stopped at a stop sign at the intersection and then proceeded through. Officer Schiele activated his emergency lights, and Plaintiff pulled to the side of the road. Officer Schiele stated he chose to pull Plaintiff over when he saw his tires, wheels, and tinted windows. Officer Jennewein, who was in the vehicle with Officer Schiele, stated the reason for the stop was racial profiling. Officer Schiele asked Plaintiff if there was anything in the vehicle he should know about. Plaintiff informed Officer Schiele there were no firearms in the vehicle and only a half of a cigar. Officer Schiele then instructed Plaintiff to exit the vehicle. Without Plaintiff's consent, Officer Schiele conducted a search of the vehicle. On information and belief, Officer Jennewein was training Officer Schiele at the time of the traffic stop. Officer Jennewein told Officer Schiele how to write his reports when racially profiling motorists. Officer Schiele told Plaintiff he planned to pull Plaintiff over again in the future. Officers Jennewein and Schiele acted pursuant to an unwritten policy, custom, or pattern of practice to engage in racial or ethnic profiling.

## II.     STANDARD

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include

sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quotation omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

### III.  DISCUSSION

Officers Schiele and Jennewein ask the Court to dismiss Counts I, II, and III against the officers in their official capacities because they are redundant to the claim against Herculaneum. They also ask the Court to dismiss Count II in its entirety because the exclusive remedy for violations of § 1981 by state actions is § 1983. Finally, they ask the Court to dismiss Count V because the claim against the officers in their official capacities is redundant to the claim against Herculaneum and barred by sovereign immunity, the claim against the officers in their individual capacity is barred by official immunity, and the claim is barred by the applicable statute of limitations.

#### A.  Counts I, II, and III – Official Capacity Claims

Officers Schiele and Jennewein assert the Court should dismiss Counts I, II, and III against them in their official capacities because they are redundant to the claim against Herculaneum. Plaintiff agrees that the claims to the extent they are against the officers in their

3

official capacities should be dismissed. Thus, the Court will dismiss Counts I, II and III against Officers Schiele and Jennewein in their official capacities. Count I and III will remain against the officers in their individual capacity. Count II will be dismissed in its entirety for the reasons stated below.

### B. Count II – § 1981 Claim

Officers Schiele and Jennewein assert the Court should dismiss Count II in its entirety because there was no contract between the officers and Plaintiff, and the exclusive remedy for violations of § 1981 by state actors is a claim under § 1983. Plaintiff agrees § 1981 is not the appropriate statute for this claim and asks for leave to file an amended complaint to correct this error. The Court will dismiss Count II as it currently stands as a § 1981 claim and will grant Plaintiff leave to amend his complaint to assert a § 1983 claim.

### C. Count V – Negligence Claim

Officers Schiele and Jennewein argue the Court should dismiss Count V because the negligence claim against them in their official capacities is redundant to the claim against Herculaneum and barred by sovereign immunity, the claim against them in their individual capacities is barred by official immunity, and the claim is barred by the statute of limitations. The Court will address the statute of limitations argument first.

#### i. Statute of Limitations

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). "[T]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Id.* (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

In Missouri, the statute of limitations for negligence is five years. Mo. Rev. Stat. § 516.120; *see also State ex rel. Heart of America Council v. McKenzie*, 484 S.W.3d 320, 324 (Mo. 2016). However, § 516.130 states that a plaintiff must bring an action against an officer "upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty" within three years of the act at issue. Officers Schiele and Jennewein assert the three-year statute of limitations in § 516.130 applies while Plaintiff asserts the five-year statute of limitations in § 516.120 applies. The incident in this matter occurred on February 9, 2019, and Plaintiff filed his complaint on December 2, 2022. Thus, which of these statutes applies in this case determines whether Plaintiff has a viable negligence claim.

The argument between the parties focuses on the phrase "doing of an act in his official capacity" in § 516.130. Plaintiff asserts the statute only applies when an officer has been sued in his official capacity, and not when an officer has been sued in his individual capacity. Officers Schiele and Jennewein argue the statute applies because they were acting in their official capacities at the time of the incident, no matter the capacity in which the defendant has been sued.

This Court and the Western District of Missouri have previously held § 516.130 applies only when an officer is sued in his official capacity. *See Gabriel v. Andrew Cty., Mo.*, No. 5:18-CV-6158-DGK, 2019 WL 3210086 at *2 (W.D. Mo. Jul. 16, 2019); *Nonn v. Curtis*, No. 1:16-CV-273 SNLJ, 2017 WL 5070530 at *2 (E.D. Mo. Nov. 3, 2017); *Doe v. Rainey*, No. 4:15-CV-1484 AGF, 2016 WL 2986398 at *3 (E.D. Mo. 2016); *Gaulden v. City of Desloge*, No. 4:07-CV-1637 ERW, 2009 WL 1035346 at *14 (E.D. Mo. 2009). However, in *Rice v. Ferguson*, the Honorable United States District Judge Stephen Clark held the opposite. No. 4:19-CV-1563 SRC, 2020 WL 709249 at *2-4 (E.D. Mo. Feb. 12, 2020). Judge Clark found that the plain

5

language of the statute required the Court to determine whether the suit seeks redress for "the doing of an act in the officer's capacity and in virtue of his office" not whether the plaintiff seeks to hold the officer personally liable for the doing of the act. *Id*. at *2. He turned to *Dilley v. Valentine*, 401 S.W.3d 544 (Mo. Ct. App. 2013) for support for his conclusion. *Id*.

In *Dilley*, the Missouri appellate court held that "the phrase 'act in an official capacity' [in § 516.130.1] means that a servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." 401 S.W.3d at 553. The court stated, "in its plain and ordinary meaning, the phrase is used to delineate between an action performed for work purposes rather than for personal ones." *Id*. The court then considered the facts of the case and determined the officer "was acting in his official capacity." *Id*. The focus was on the actions of the officer rather than the capacity in which the plaintiff sued the officer.

In his order applying *Dilley*, Judge Clark recognized that other judges in the Eastern and Western District of Missouri have held the opposite. 2020 WL 709249 at *3. Those cases, which this Court cites above, all rely on a single Missouri Court of Appeals decision, *Miller County v. Groves*, 801 S.W.2d 777, 778-79 (Mo. Ct. App. 1991). In *Miller*, the appellate court focused on the capacity in which plaintiffs sued the defendant, and whether they alleged the defendant took actions for his personal, as opposed to work, purposes. Because *Dilley* followed the plain language of the statute, Judge Clark applied *Dilley* rather than *Miller County*.

The undersigned agrees with Judge Clark's reasoning and conclusion. The plain language of the statute states it applies to liabilities incurred "by the *doing of an act* in his official capacity." This refers to the act itself not the capacity in which a plaintiff sues a defendant. The allegations in this matter concern the actions of Officer Schiele and Jennewein in their official capacity – acts they undertook as police officers for work purposes, not personal ones. Therefore,

6

the three-year statute of limitations under § 516.130 applies. This incident occurred on February 9, 2019, and the complaint was filed on December 2, 2022. Therefore, the negligence claim is time-barred, and the Court must dismiss it.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Officer Michael Jennewein's Partial Motion to Dismiss (ECF No. 7) and Defendant Officer Timothy Schiele's Joinder in Partial Motion to Dismiss (ECF No. 22) are **GRANTED**. Counts I and III against Defendants Timothy Schiele and Michael Jennewein in their official capacities are **DISMISSED**. Counts II and V against Defendants Timothy Schiele and Michael Jennewein are **DISMISSED**, in their entirety.

**IT IS FURTHER ORDERED** that Plaintiff Geoffrey Shegog has 21 days from the date of this order to file an amended complaint.

So Ordered this 6th day of June, 2023.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the claim is time-barred, the Court will not address the remaining arguments regarding the application of sovereign or official immunity to this claim.