IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY SHEGOG, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.: 4:22-cv-01290 |
| | ) | |
| CITY OF HERCULANEUM, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff, by and through counsel, pursuant to this Court's Case Management Order dated July 26, 2023 (Doc. 130) and submits the following trial brief of legal and factual issues, together with anticipated substantive or procedural problems:

**I.   INTRODUCTION**

Many of the factual and legal issues relating to Plaintiff's claims were briefed through Defendant's summary judgment motion, and therefore, are not discussed herein for the sake of brevity, with the exception of the elements of the cause of action. Following the Court's Memorandum and Order relating to summary judgment, the sole remaining claims for trial are Plaintiff's Fourth Amendment Illegal Search and Seizure claims. With regard to the legal issues concerning this Fourth Amendment claim, Plaintiff's summary judgment briefing is incorporated by reference as if fully set forth herein as to the factual and legal issues in this case.

**II.   ANALYSIS**

    **A.   Elements of Submissible Cases**

        **1.   Fourth Amendment Search and Seizure Violation**

The Fourth Amendment protects two types of expectations, one involving searches, the other seizures. *United States v. Jacobsen*, 466 U.S. 109, 121(1984) and requires both be reasonable. *City of Indianapolis v. Edmond*, 531 U.S. 32, 36 (2000). The temporary detention of an individual during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, is a "seizure" of a "person" within the meaning of the Fourth Amendment. *Whren v. United States,* 517 U.S. 806, 809 (1996).

The reasonableness of a seizure depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers. *Terry v. Ohio,* 392 U.S. 1, 16–19 (1968). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Whren,* 517 U.S. at 809. Thus, any traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver. *United States v. Mallari,* 334 F.3d 765, 766 (8th Cir.2003). However, courts nonetheless apply an objective reasonableness standard to determine "whether a traffic stop was based on probable cause or was merely pretextual." *United States v. Jones,* 275 F.3d 673, 680 (8th Cir.2001).

Evidence that is the "fruit" of an illegal search or seizure is not admissible, and '[t]he exclusionary prohibition extends as well to the indirect as the direct products of such invasions.' *U.S. v. Yousif*, 308 F.3d 820, 829 (8th Cir. 2002), citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). Evidence is considered fruit of the poisonous tree where its seizure directly results from an illegal search and/or seizure. *State v. Miller*, 894 S.W.2d 649, 654 (Mo. Banc 1995).

Plaintiff intends to introduce into evidence statements made by Defendant Officer Schiele on video that prior to even seeing any alleged traffic violation he intended to stop and search Plaintiff. He admitted on the video "as soon as I saw the tires, and wheels, and tinted windows, I

2

knew we were going to get this guy." This shows Defendant's stop was pretextual for an illegal search. That regardless of what transpired upon approaching Plaintiff's vehicle Defendant Schiele intended on searching it.

Defendant Schiele's credibility is questionable at best and completely untrustworthy at worst. This is further evidenced by the fact that he has lied and or changed his statement multiple times throughout this case. Defendant Schiele testified at his deposition that he did not remember aspects of the stop. Notably, he did not remember approaching Plaintiff's vehicle or speaking with him. Defendant Schiele did not even remember the search at all. He testified that even looking at his written report would not help him remember. Specifically, Defendant Schiele stated that his report indicates he detected an odor of marijuana, but he could "not say[] that I did" and he did not have any independent recollection of smelling marijuana at the time of the stop.

Defendant Schiele also lied on his police report. He indicated that Plaintiff informed Schiele that Plaintiff had a marijuana (blunt) in the ashtray of the car, when in reality Plaintiff simply stated there was a cigar in the ashtray.

Plaintiff intends to demonstrate to the jury that Defendant Schiele intended to search the vehicle prior to the stop. He attempted to justify the stop by claiming Plaintiff ran the stop sign and he fabricated probable cause by falsely claiming to detect the odor of marijuana in order to search Plaintiff's car. A search that resulted in no discovery of marijuana.

        Respectfully submitted,

        PLEBAN & ASSOCIATES LAW, LLC

By:    /s/ Benjamin P. Kates
        Benjamin P. Kates, #65557
        bkates@plebanlaw.com
        J.C. Pleban, #63166
        jc@plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, MO 63117
        Telephone: (314) 645-6666
        Facsimile: (314) 645-7376
        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to all counsel of record via the Court's electronic filing system this 2nd day of October, 2024.

        /s/ Benjamin P. Kates

4