**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GEOFFREY SHEGOG,<br><br>      Plaintiff,<br>v.<br><br>CITY OF HERCULANEUM, *et al.*<br><br>      Defendants. | Case No.  4:22-CV-01290-SRW<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' MOTION IN LIMINE AND
### MOTION FOR RECONSIDERATION OF MOTION IN LIMINE

Defendant Officers Timothey Schiele and Michael Jennewein, by and through counsel, move in limine for an Order of the Court instructing Plaintiff, Plaintiff's counsel, and any witnesses in Plaintiff's case to refrain from making any mention, directly or indirectly, in any manner whatsoever in the presence of the jury or prospective jurors the following matters that are irrelevant or prejudicial pursuant to Fed. R. Evid. 401, 402 and 403, or should otherwise be excluded for the reasons more particularly stated:

1. **Motion to Exclude Herculaneum Municipal Court Records**

Defendants move to exclude any and all testimony, argument or evidence of any nature concerning the Herculaneum Municipal Court Records, other than the Nolle Prosequi Memorandum. The remaining records include plea recommendations, arraignment documentation, and other various documents and communications between the Court, the prosecutor and Plaintiff's criminal attorney. These documents are unrelated to any underlying claim and Plaintiff is not seeking damages arising from the prosecution of the citations. Moreover, Plaintiff has not disclosed any competent witness to testify regarding the nature of the citation prosecution, and the underlying documentation would serve only to confuse the jury. Accordingly, Plaintiff should be

limited to presenting the Nolle Prosequi Memorandum as evidence that citations were dismissed, nothing further. Any testimony otherwise is based on pure speculation, would confuse the jury, is not relevant, and the prejudicial effect would far outweigh any probative value. See Fed. R. Evid. 402, 403 and 602.

2. **Motion to Reconsider Motion in Limine to Exclude Testimony as to Why Citations Were Dismissed.**

On October 7, 2024, Defendants moved to exclude testimony and argument as to why the citations issued to Plaintiff on February 9, 2019 were dismissed. On October 17, 2024, this Court entered an Order reserving ruling on this motion in limine in light of the production of additional documents from the Herculaneum Municipal Court. Production of these documents has not revealed any evidence as to why the citations were dismissed. Plaintiff has not disclosed any competent witness to testify as to the nature of the prosecution of the citations, nor has Plaintiff disclosed any evidence supporting any reason why the citations were dismissed. Accordingly, Plaintiff should be limited to informing the jury that the citations were dismissed, nothing further. Any testimony otherwise is based on pure speculation, is not relevant, and the prejudicial effect would far outweigh any probative value. See Fed. R. Evid. 402, 403 and 602.

WHEREFORE, Defendants pray that this Court enter its Order in limine excluding any and all testimony, argument or evidence concerning each of the above-referenced matters, together with such other and further relief as may be just and proper.

        Respectfully Submitted,
        HELLMICH, HILL & RETTER, LLC

By:  /s/ *Rachel Bates*
      WILLIAM A. HELLMICH #31182MO
      RACHEL BATES   #68696MO
      1049 N. Clay Ave.
      Kirkwood, MO  63122
      Phone:  314-646-1110
      E-mail:  Bill@hellmichhillretter.com
             Rachel@hellmichhillretter.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on December 26, 2025 to all counsel of record.

        /s/ *Rachel Bates*