IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEOFFREY SHEGOG, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No.: 4:22-cv-01290 |
| ) | |
| CITY OF HERCULANEUM, et al., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE**

COMES NOW, Plaintiff Geoffrey Shegog, by and through undersigned counsel, and for his Response to Defendants' Motions in Limine, states:

1.  Defendants Amended motion In Limine No. 2 seeks a redetermination by the court to prohibit Plaintiff from introducing testimony or argument as to why the citations issued to Plaintiff on February 9, 2019 were dismissed.  Defendant argues the Herculaneum court file does not show evidence as to why the citations were dismissed.  Further that Plaintiff should be limited to informing the jury that the citations were dismissed and nothing further. It has been well settled for more than 70 years that "the prevailing party is entitled to have the benefit of all reasonable inferences which can be drawn from the evidence viewed in the light most favorable to it." *Rennicke v. U.S.*, 207 F.2d 429, 432 (8th Cir. 1953).  Dismissal of municipal charges "could reasonably be viewed to suggest that the charge was baseless in the first place." *Hixon v. City of Golden Valley*, 2007 WL 4233086, *4 (D. Minn. November 29, 2007).  That court found the dismissal of the charge was also relevant to impeach the officer's credibility and to prove his claim for punitive damages. *Id*.  "Credibility is always an issue for the jury to determine." *U.S. v. Meads*,

479 F.3d 598, 602 (8th Cir. 2007). Further, it would be unfairly prejudicial to Plaintiff if jury hears about a criminal stop—which the Defendants strenuously maintain was lawful—but are not told that the case was dismissed by the prosecutor. *Gill v. Maciejewski*, 546 F.3d 557, 564 (8th Cir. 2008) ("The district court properly concluded it would be unfairly prejudicial to present evidence of a criminal proceeding without telling the jury [plaintiff] was acquitted."). Without the evidence, the jury has a roving commission to find that Plaintiff was found guilty or that this case is a retaliation for a finding of guilt in the criminal case. Plaintiff must be able to inform this jury that the charges against him were dropped. That is a fact. It should be allowed into evidence at trial. Without it, the jury is misled.

          Respectfully submitted,

          PLEBAN & ASSOCIATES LAW, LLC

By:      /s/ Benjamin P. Kates
          Benjamin P. Kates, #65557
          bkates@plebanlaw.com
          J.C. Pleban, #63166
          jc@plebanlaw.com
          2010 South Big Bend Blvd.
          St. Louis, MO  63117
          Telephone:   (314) 645-6666
          Facsimile:    (314) 645-7376

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to all counsel of record via the Court's electronic filing system this 26th day of January, 2026.

          /s/ Benjamin P. Kates

2