IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEOFFREY SHEGOG,         )
                               )
       Plaintiff                )
                               )
v.                                )       Cause No.: 4:22-cv-01290
                               )
CITY OF HERCULANEUM, et al.,     )       **JURY TRIAL DEMANDED**
                               )
       Defendants.            )

## <u>PLAINTIFF'S MOTION TO ALLOW CROSS-EXAMINATION OF DEFENDANTS</u>

COMES NOW, Plaintiff Geoffrey Shegog, by and through undersigned counsel, and for his Motions to Allow Cross-Examination of Defendants, states:

1.      During pre-trial on February 5, 2026, the Court indicated that if Plaintiff calls the individual Defendants in his case, he could not cross-examine them on direct exam. The Court stated Plaintiff would not be allowed to cross-examine the Defendants until re-direct.

2.      Rule 611(c) dictates that "Ordinarily, the court should allow leading questions when a party calls…an adverse party…" Citing that rule, the Eighth Circuit has found, "The standard, acceptable, and preferred procedure is to permit counsel to lead an adverse or hostile witness on direct examination." *Scenic Holding, LLC v. New Board of Trustees Missionary Baptist Church, Inc.*, 506 F.3d 656, 664 (8th Cir. 2007). "Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross-examination." *Alpha Display Paging, Inc. v. Motorola Communications and Electronics, Inc.*, 867 F.2d 1168, 1171 (8th Cir. 1989). Plaintiff

does not believe there is any fact or law that would warrant a departure from this standard. For this alone, Plaintiff believes he should be able to lead Defendants on direct exam, in his case.

3.     Additionally, asking leading questions of an adverse party is more efficient. *United States ex rel. Fesenmaier v. Cameron-Ehlen Group, Inc.*, 2023 WL 355822, *3 (D. Minn. January 22, 2023) (citing Rule 611(c) and finding leading questions were permissible because "Requiring Plaintiffs to begin their examination of [the hostile witness] without the use of leading question is likely only to delay the inevitable—and to require setting aside valuable juror time for Plaintiffs to renew their request to proceed with leading questions."). Plaintiff will be able to get to the point much quicker if he is able to lead these Defendants.

4.     Finally, it would be fundamentally unfair to forbid cross-examination of the Defendants. The Defendants will have the ability to cross-examine Plaintiff. However, the ruling as it stands, necessarily puts Plaintiff at a disadvantage because he is not allowed to cross-examine the Defendants. The departure from the rule prejudices Plaintiff.

5.     Plaintiff requests the Court reconsider its ruling, given the rule and these cases.

WHEREFORE, Plaintiff prays the Court grant this motion, allow cross-examination of the Defendants during Plaintiff's case and for any further relief the Court deems appropriate.

Respectfully submitted,

PLEBAN & ASSOCIATES LAW, LLC

By:       /s/ J.C. Pleban
            Benjamin P. Kates, #65557
            bkates@plebanlaw.com
            J.C. Pleban, #63166
            jc@plebanlaw.com
            2010 South Big Bend Blvd.
            St. Louis, MO  63117
            Telephone:   (314) 645-6666
            Facsimile:   (314) 645-7376

            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to all counsel of record via the Court's electronic filing system this 6th day of February, 2026.


       /s/ J.C. Pleban

3