## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

GREGORY SHEGOG,

        Plaintiff,

    vs.

CITY OF HERCULANEUM, et al.

        Defendants.

Cause No.:  4:22-CV-01290- SRW

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFF'S EVIDENCE

Pursuant to Fed. R. Civ. P. 50 (a), Defendants Officer Timothy Schiele and Officer Michael Jennewein ("Defendant Officers") move this Court for entry of judgment as a matter of law in their favor at the close of Plaintiff's evidence.  In support of their Motion, Defendants state as follows:

"Under Rule 50, if the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue, the court may grant a motion for judgment as a matter of law against the party." *Howard v. Mo. Bone & Joint Ctr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010) (quoting Fed. R. Civ. P. 50(a)) (internal quotation marks omitted).  Judgment as a matter of law is appropriate "when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party." *Keenan v. Computer Assocs. Int'l, Inc.,* 13 F.3d 1266, 1269 (8th Cir. 1994) (internal citations omitted). In other words, a motion for judgment as a matter of law presents a legal question as to "whether there is sufficient evidence to support a jury verdict." *Keenan v. Computer Assocs. Int'l, Inc.,* 13 F.3d 1266, 1268 (8th Cir. 1994) "[W]hen the record contains no proof beyond speculation to support the verdict, then judgment as a matter of law is appropriate."  *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 984 (8th

Cir. 2008) (citing *Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir. 2007)); and Fed. R. Civ. P. 50(a)(1)).

It is well-settled that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of the Fourth and Fourteenth Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Johnson v. Crooks,* 326 F.3d 995, 997 (8th Cir. 2003) citing *Delaware v. Prouse,* 440 U.S. 648 (1979) (cleaned up). However, "[a] police officer may stop a vehicle if he has an objectively reasonable basis to believe that the driver has committed a traffic violation." *Lockhart v. Siloam Springs,* 113 F.4[th] 844, 848 (8th Cir. 2024) citing *U.S. v. Rutledge,* 61 F.4[th] 597, 600-01 (8th Cir. 2023). "Witnessing even a minor traffic violation gives an officer probable cause to stop the violator; any ulterior motivation on the officer's part is irrelevant." *Lockart*, 113 F.4th at 848 citing *Johnson,* 326 F.3d at 998.

"Because a brief traffic stop is a relatively minor intrusion on the motorist's privacy interests, its Fourth Amendment reasonableness is judged by the standard that applies to investigatory stops – whether the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *Johnson*, 326 F.3d at 998. Thus, even if "[t]he motorist has suffered a delay, perhaps an irritating or even harmful delay, but a routine traffic stop is an ordinary incident of driving." *Id.*

The question now presented to the Court is whether Plaintiff's testimony that he did not run the stop the sign, by itself, is sufficient evidence to get to the jury on Plaintiff's Fourth Amendment seizure claim. It is not.  The *Johnson* case expressly so holds. There was no violation of Plaintiff's Constitutional rights. At a minimum, Defendant Officers are entitled to qualified immunity based on the *Johnson* holding.

In *Johnson,* the plaintiff was stopped for crossing the center line of a highway. Plaintiff denied that she had crossed the center line and brought a 4th Amendment claim for unlawful seizure. The District Court denied the officer's motion for summary judgment holding that Plaintiff's denial of the traffic violation created an issue of fact. The officer appealed to the 8th Circuit. That Court defined the issue before it as follows:

> "The issue on appeal, then, is whether the dispute over whether [plaintiff] in in fact crossed the center line is material for purposes of [the officer's] qualified immunity defense to the [plaintiff's] sec. 1983 claim for damages."

*Id*. at 998. The 8th Circuit reversed finding that, even with plaintiff's denial of crossing the center line, the traffic stop was not a violation of her Fourth Amendment rights. *Id.* 999. The Court went on to say that "at a minimum [the officer] is entitled to qualified immunity from [plaintiff's[ Fourth Amendment claim because his conduct in enforcing the Nebraska Rules of the Road was objectively reasonable." *Id*.

*Johnson* is on point. Plaintiff Shegog's denial of running the stop sign (just as the plaintiff in *Johnson* denied crossing the center line) is simply not sufficient to prove his Fourth Amendment seizure claim. Even if this Court were to disagree with this conclusion, the *Johnson* case is so similar that Defendant Officers were entitled to rely on its holding and their stop of Plaintiff Shegog did not "violate a clearly established constitutional or statutory right of which a reasonable officer would have known". *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004). Defendant Officers are entitled to qualified immunity based on the *Johnson* holding.

WHEREFORE, Defendants Officer Timothy Schiele and Officer Michael Jennewein pray that this Court enter judgment as a matter of law in their favor at the close of Plaintiff's evidence, together with such other relief as the Court deems just and proper.

Respectfully Submitted,

HELLMICH, HILL & RETTER, LLC

By:  /s/ Rachel Bates
      RACHEL BATES   #68696MO
      WILLIAM A. HELLMICH #31182MO
      1049 N. Clay Ave.
      Kirkwood, MO  63122
      Phone:  314-646-1110
      E-mail:  Rachel@hellmichhillretter.com
      *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court as well as hand delivered in the Courtroom during trial on February 10, 2026 to all counsel of record.

/s/ Rachel Bates